IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFREY MONTSON                                                                        PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 3:15cv414-TSL-RHW

JAMES GREENWOOD, *et al*.                                                      DEFENDANTS

## REPORT AND RECOMMENDATION

This *pro se* case is before the Court for *sua sponte* consideration of dismissal. Jeffrey Montson filed this lawsuit on June 9, 2015, against James Greenwood, Loretta Allen and the Yazoo City Police Department. Montson alleged he sustained personal injury and property damage on October 11, 2014 when the bicycle he was riding was struck by a car driven by James Greenwood and owned by Loretta Allen. The Clerk filed the complaint as presenting a federal question. Under 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." Along with the complaint, Montson also filed [2] a motion for leave to proceed in forma pauperis (IFP), which the Court has granted. [7]

Montson alleged he went to Yazoo City Police Department (YCPD) on February 5, 2015, because he wanted to press charges against Greenwood for aggravated assault with an automobile and false pretense (for representing insurance coverage to the police, when said insurance had lapsed for failure to pay the premium). Montson asserts he was told someone from YCPD would contact him, but no one did. In his lawsuit, he seeks $100,000 damages from Greenwood and Allen, and $150,000 from YCPD for his personal injuries, medical expenses, pain and suffering, physical and mental/emotional distress, replacement of his 2013 Roadmaster bicycle, and an apology from YCPD for not contacting him.

On June 17, 2015 the Court entered [4] an order explaining to Montson that Rule 8, FED.R.CIV.P., requires that a pleading stating a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction, and further advising him that Yazoo City Police Department is not a proper defendant.[1]  The order directed Montson to file an amended complaint by July 7, 2015, naming only proper defendants and stating grounds for jurisdiction.  The order expressly warned Montson that failure to comply with the order might result in dismissal of his lawsuit.  Montson was mailed a copy of the order the same day it was filed, and presumptively received it as it has not been returned.  Montson filed no amended complaint by July 7, 2015.  However, on July 13, 2015, Jeffrey and Sherrie Montson[2] filed an amended complaint [5], which no longer names Yazoo City Police Department as a defendant.  In this pleading, the Montsons state they "are requesting a change of jurisdiction because this court is on netural (*sic*) grounds, and there is a conflict of interest..."  The Montsons additionally request "that charges be brought against both James and Loretta Allen Greenwood for aggravated assault with an automobile, false pretense, providing false information, reckless driving, endangerment of life, slander and recklessness."  The amended complaint asserts Greenwood's negligent driving resulted in Jeffrey Montson's suffering injury, incurring medical expenses, having flashbacks, and sustaining nerve damage to his legs and hands.  Also on July 13, 2015, the Montsons filed [6] an attachment which is styled as a complaint against Clifton Tillman but bears the case number of the instant lawsuit.  Tillman is alleged to have "failed to carry out his duties on several occasions."  This document alleges Tillman is employed by YCPD and is lead

---

[1] A police department is not a legal entity capable of being sued.  *Miley v. Jones County Jail*, 2007 WL 2159334 at *8 (S.D. Miss. July 25, 2007)(citing *Knight v. Lee*, 2006 WL 3406741, at *3 (E.D. La., Nov. 20, 2006).

[2] As to Sherrie Montson, who was not named as a party in the original complaint, the amended complaint states only that she was also riding a bicycle and would have been struck had she not moved out of the way of the Greenwood/Allen vehicle. [5, p. 2]

investigator in a matter involving James and Loretta Allen Greenwood; that the Montsons' home was broken into and damaged on November 28, 2014; and that Tillman took a statement and advised Montson to board up his home and Tillman would return to photograph the damage. Montson complains he still does not have access to his home and no one has advised him as to when that might change. The document further states police arrested Frank McCullum on February 15, 2015 and bound him over to the grand jury but the District Attorney's office has no information on the case. For the claims set out in the attachment [6], the Montsons seek $100,000 compensatory damages from Tillman for mental/emotional distress, and want Tillman relieved of duty. This "attachment" involves different individuals and different claims from the instant lawsuit, and arises from an incident separate and apart from the October 11, 2014 bicycle accident. Even if that were not the case, the "attachment" complaining about Tillman also states no grounds for jurisdiction.

## Discussion

Under 28 U.S.C. § 1915(a), the Court may allow a plaintiff to proceed without the prepayment of fees. However, the court must "dismiss [an IFP] case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 32 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). "A claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming

all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face." *Jones v. McDuffie*, 539 F.App'x 435 (5th Cir. 2013)(citation and internal quotation marks omitted).

To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556, 570).

Montson's claim is that while bicycle riding he was struck by a car driven by Defendant Greenwood and owned by Defendant Allen (Loretta Allen Greenwood according to the amended complaint). The burden of establishing this Court's jurisdiction rests on the party invoking jurisdiction, in this instance the Montsons. Even liberally construing the complaint/amended complaint, the undersigned finds no factual basis for jurisdiction over this automobile/bicyclist accident. "The requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'" *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94-95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Federal courts are courts of limited jurisdiction and must dismiss an action, *sua sponte*, if jurisdiction is lacking. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED.R.CIV.P. 12(h)(3). As with the original complaint, Plaintiffs' amended complaint contains neither any federal claim nor any allegation indicating that jurisdiction based

on diversity of citizenship under 28 U.S.C. § 1332 might exist. Indeed, according to the police accident report Plaintiff filed as an attachment to his complaint [3, pp. 7-11], as well as the civil cover sheet he filed [1-1] with his original complaint, all the individuals on both sides of the lawsuit are Mississippi residents who actually live on the same street in Yazoo City.

## RECOMMENDATION

In light of the foregoing, the undersigned recommends that this case be dismissed *sua sponte* for lack of subject matter jurisdiction.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, within 14 days after being served with a Report and Recommendation, a party may serve on the other parties and file with the clerk of court written objections to the Report and Recommendation. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objections. An objecting party must specifically identify the findings, conclusions, and recommendations to which he/she objects; the District Court need not consider frivolous, conclusive, or general objections. Failure to timely file written objections to the proposed findings, conclusions, and recommendations shall bar a party from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he/she did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 23rd day of July, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE